**UNITED STATES of America, Plaintiff,**

v.

**Sidney PREVOR, Defendant.**

**Crim. No. 83–0189CC.**

United States District Court,
D. Puerto Rico.

March 15, 1984.

Daniel Lopez-Romo, U.S. Atty. by Antonio R. Bazan, Asst. U.S. Atty., San Juan, P.R., for plaintiff.

Harvey B. Nachman, Harry Anduze-Montaño, Santurce, P.R., for defendant.

## ORDER

CEREZO, District Judge.

This case is before the Court upon a motion to dismiss filed by defendant Sidney Prevor on December 20, 1983 and a request for grand jury minutes made on that date. During the hearing held on January 27, 1984 a transcript of the grand jury minutes was delivered to defendant's attorney, rendering moot that particular request. The parties were granted until February 18, 1984 to file supplemental memoranda in relation to the dismissal motion and these were timely filed. Defendant alleges that the indictment should be dismissed because of governmental misconduct before the grand jury consisting of "the deliberate withholding of evidence" "that clearly negates defendant's guilt." In addition, defendant contends that the government is estopped from prosecuting this criminal action since the federal agency concerned, the Federal Emergency Management Agency (FEMA), had all the information regarding defendant's claims before it, and, nevertheless, settled and paid the claim. Moreover, he claims that the government improperly used the administrative process to obtain evidence against him in order to later prosecute him.

On his first contention, defendant alleges that certain items of evidence not presented to the grand jury clearly exculpate him of the charges made in the indictment. These items are (1) five letters signed by defendant addressed to his insurance agent advising of the burglary on his premises and referring to police reports of the same, (2) police reports of the incidents which indicate that the merchandise was stolen from trailer vans or freezer trailers, and (3) reports of the independent insurance adjuster also indicating that the burglarized premises were trailer vans. Defendant also refers to the testimony given by the adjuster during the evidentiary hearing which allegedly demonstrates that he neither misled nor withheld relevant information related to the claims from her. He urges that the fact that the doors shown by him to the adjuster as those forced open in order to perpetrate the burglary were exterior doors, and the fact that he informed her of the police reports, prove that he did not intend to mislead her or the insurer. He contends that the indictment cannot stand since it is based solely on the testimony of the special agent, in itself based on the reports of the adjuster, the photographs attached thereto and on the mistaken impression that the doors photographed were inside the insured premises and not exterior doors as shown by the adjuster's testimony.

It is well settled that a strong presumption attaches to an indictment valid on its face and returned by a legally constituted grand jury that it is based on competent evidence. The person seeking to overcome this presumption has a heavy burden.

*United States v. West,* 549 F.2d 545, 554 (8th Cir.1977) *cert. denied* 430 U.S. 956, 97 S.Ct. 1601, 51 L.Ed.2d 806. It is also well established that a prosecutor is not required to present all his evidence to a grand jury and that he may base his presentation to the grand jury solely on hearsay evidence. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Ciambrone,* 601 F.2d 616, 622–625 (2d Cir.1979). Nevertheless, "while prosecutors need not present to the grand jury all circumstances which might be considered exculpatory, they must · present evidence which clearly negates the target's guilt." *United States v. Dorfman,* 532 F.Supp. 1118, 1133 (N.D.Ill. 1981); see also *United States v. Phillips Petroleum Co.,* 435 F.Supp. 610, 618–620 (N.D.Okl.1977). Furthermore, while an indictment is valid although based entirely on hearsay evidence, the grand jury cannot be deceived into believing that it is receiving direct evidence, rather than hearsay evidence. *United States v. Linton,* 502 F.Supp. 861, 871 (D.Nev.1980). We are also aware of our Circuit's position as stated in *United States v. Jett,* 491 F.2d 1078, at 1081 (1st Cir.1974) "... that it is normally preferable for a grand jury to have something other than hearsay and that we would dislike seeing a practice of hearsay only."

▆ Turning to our case we find that the evidence adduced by defendant as improperly withheld from the grand jury does not clearly negate his guilt. On the contrary, the fact that the police reports state that the goods were stolen from freezer trailers would suggest that defendant could have misled the claims adjuster by representing to her that certain freezer doors found in the building itself were the ones forced open by the burglars. Furthermore, although the police reports were not presented to the grand jury, the special agent who testified before it clearly stated that these reports revealed that the goods had been taken from trailer trucks located outside the premises. Finally, the fact that the freezer doors pointed out by defendant were exterior doors is meaningless if those doors were located in the building and opened into it. The fact that they are exterior doors does not make them trailer doors and does not show that defendant was correctly stating the facts to the adjuster. We, therefore, find that the government did not improperly withhold exculpatory evidence from the grand jury which would warrant dismissal of the indictment on grounds of misconduct or abuse of the grand jury proceedings.

▆ Defendant also contends that the indictment should be dismissed because the government improperly used the administrative procedures to obtain evidence in order to prosecute him criminally and that it is estopped from so prosecuting him since it adjusted and settled the insurance claims after considering all information related thereto. As to the contention that the government improperly utilized its position as insurer to gather evidence to prosecute defendant, the evidence at the hearing demonstrated that the claims adjuster to whom the false statements and representations were allegedly made was working for an independent agency which contracted with the Federal Emergency Management Agency to adjust some of the claims arising under its insurance programs. The Federal Emergency Management Agency is a federal agency independent of the Office of the Attorney General. See: Exec. Order No. 12148, 44 F.3d Rec. 43,239 (1979), as amended, reprinted as a note in 50 U.S.C.App. Section 2251. The fact that it reports to the Attorney General when it suspects anyone has defrauded agency programs does not make it the prosecutor in such cases. Finally, as to the federal agency having settled the claims and being estopped from prosecuting defendant, we know of no cases where prosecution for fraud cannot be brought merely because the agency paid the claims which are later discovered to be fraudulent. This is not a civil case where the issues are centered on interpretation of insurance contracts or whether the adjustment of a claim is proof of the amount due under an insurance policy. This is an action which charges viola-

tion of a criminal statute,[1] 18 U.S.C. Section 287. Whether or not the government meets its burden of proof during the criminal trial by jury is a totally different situation.

For the above-stated reasons, defendant's motion to dismiss the indictment is hereby DENIED.

SO ORDERED.

---

**1.** Title 18 U.S.C. Section 287 reads:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years or both.